IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN A. CHRISTENSEN and NELLIE H. CHRISTENSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> JOSEF FOOZAILOV, *et al.*, <br><br> Defendants. | **ORDER and MEMORANDUM DECISION** <br><br><br> Case No. 2:10-cv-314 CW |

This action comes before the court on Plaintiffs' motion for entry of default judgment against Defendant Josef Foozailov who also uses the names Yakov Foozailov, Joe Paz, and Joe Goodman and who also does business as Julias Diamonds and Sick-Deals. The clerk entered default judgment against Mr. Foozailov on July 12, 2010. Plaintiffs seek a default judgment in the amount of $256,700 in addition to about $1,000 in court costs.

As explained more fully below, after carefully considering Plaintiffs' complaint, the court has determined that it lacks subject matter jurisdiction in this action. The court therefore has no power to grant default judgment or take any other action here. Accordingly, the court VACATES the default certificate entered by the Clerk and DISMISSES this action.

## FACTS

This action revolves around Plaintiffs' purchase of a diamond ring on eBay. Plaintiffs were bidding in a $0.99 no reserve auction for a diamond ring of 3.07 carats, the value of which Mr. Foozailov represented as $26,600. Plaintiffs were the winners of that auction, with a bid of $3,500. After Mr. Foozailov acknowledged that Plaintiffs had won and Plaintiffs paid the

$3,500, he sent them a diamond ring with an appraisal valuing it at $26,600. Plaintiffs, however, got an independent appraisal estimating the value of that ring at $3,500 and sizing it at 1.3 to 1.4 carats.

Plaintiffs complained to Mr. Foozailov and returned the ring. Mr. Foozailov then sent them another ring, along with an appraisal placing the value of the replacement ring at $26,600. Plaintiffs again obtained an independent appraisal of the replacement ring, and that ring was valued at $8,570 and sized at 1.57 carats. Plaintiffs then returned the replacement ring to Mr. Foozailov and demanded either the ring as represented before the auction or the estimated value of the ring as Mr. Foozailov had represented it. Mr. Foozailov offered to refund the $3,500, but refused to pay the amount Plaintiffs demanded, and also claimed that the replacement ring had been irreparably damaged. Plaintiffs declined the refund. Mr. Foozailov threatened to sue Plaintiffs for blackmailing him, threats, and trying to squeeze money out of him. Plaintiffs then filed this action.

In their complaint, Plaintiffs assert five claims. Claim one is for "breach of contract," with damages, not including interest and costs, asserted as $26,770. (Dkt. No. 1 at 5.) Claim two is for "fraud, misrepresentation, and breach of contract," with asserted damages of $50,000. (*Id.* at 6.) Claim three is for "breach of warranty," with asserted damages of $50,000 requested. (*Id.* at 7.) Claim four is for federal mail fraud, a violation of NY Gen. Bus. § 349, and a violation of Utah Code Ann. § 13-11-4, with a prayer for $100,000. Claim five has two bases, the first is unjust enrichment and the second is "the refusal of defendants to return the diamond ring purchased by Plaintiffs constituted a theft and theft by deception by defendants who demonstrated an intent of permanently depriving Plaintiffs of said ring, appraised and valued by defendants at a price of $100,000." *Id.* at 8.

ANALYSIS

I.      **Legal Standard**

Before granting a motion for default judgment, the court must take several steps. First, the court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). Next, the court should consider whether the well-pleaded allegations of fact- which are admitted by defendant upon default- support a judgment on the claims against the defaulting defendant. *See Federal Fruit & Produce Co. v. Red Tomato, Inc.* Civ. Action No. 08-cv-0114-RPM-MEH, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Whether to grant default judgment is in the discretion of the district court. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987). Once the court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir. 2006).

II.     **The Court Lacks Subject Matter Jurisdiction**

The court assumes on the basis of the complaint that it has personal jurisdiction over Mr. Foozailov, who purposely sent the merchandise that lead to this dispute to Utah. Upon the facts alleged by Plaintiffs, however, it is clear that the court does not have subject matter jurisdiction

over this action. While Plaintiffs do not state their asserted basis for federal jurisdiction in the complaint, the only plausible basis is diversity, since private parties cannot make claims under federal criminal statutes such as mail fraud. *See, e.g.*, *Ross v. Orange County Bar Ass'n.*, 369 Fed. Appx. 868, 869 (9th Cir. 2010) (there is no private right of action for federal mail fraud). To exercise diversity jurisdiction, there must be complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332. On the face of the complaint, the requirements for pleading diversity of citizenship are satisfied: Mr. Foozailov appears to be a New York citizen and Plaintiffs are Utah citizens. The Plaintiffs fail, however, to establish the jurisdictional amount. As the court discusses in more detail below, Plaintiffs have not alleged facts that would entitle them to more than $75,000 in damages.

Plaintiffs have stated enough facts to prevail on their contract/breach of warranty and fraud claims (though it must be noted that on the fraud claim, the court has serious reservations about whether the Plaintiffs could reasonably rely on a representation of a ring valued at $26,600 after bidding $3,500 for it in a $0.99 no reservation online auction.) To avoid double recovery, however, Plaintiffs must elect the claim for which they want damages. On the contract/breach of warranty claim, Plaintiffs have arguably been damaged in the amount of about $27,000, the value of the ring they thought they were purchasing.[1] On the common law fraud claim, Plaintiffs seek $50,000, which appears to include the $3,500 in actual damages plus $46,500 in punitive damages. Though punitive damages exceeding ten times the amount of actual damages are reserved for only the most exceptional cases, *see Exxon Shipping Co. v. Baker*, 128 S.Ct.

---

[1] The complaint leaves unresolved the amount their damages would need to be reduced for Plaintiffs' failure to mitigate the injury by accepting the replacement ring which Plaintiffs appraised at $8,570 or the offer to refund the $3,500. Indeed it is likely the Plaintiffs suffered no damage since they paid $3,500 for a ring valued at $8,750, giving them a $5,070 profit.

2605,2634 (2008), the punitive amount is nonetheless assumed to be reasonable for the purposes of this analysis given the facts admitted by Mr. Foozailov in the complaint.

While Plaintiffs allege that they should collect $100,000 in damages for their statutory fraud and theft by deception claims, that amount of damages is not available to them for either of those claims. Under either the Utah or New York statute, Plaintiffs are limited to their actual damages of about $3,500, nowhere near the $100,000 they request. *See* NY Gen. Bus. § 349(h) (limiting damages to actual damages or three times actual damages up to $1,000) and Utah Code Ann. § 13-11-9(2) (limiting damages to the greater of actual damages or $2,000). Moreover, while Plaintiffs recite in their theft claim that the stolen ring was valued by them at $100,000, that allegation is inconsistent with the facts pleading the $8,570 appraisal they cited earlier in their complaint. The court is required to disregard such conclusory allegations. Further, if the court looks to any potential unjust enrichment, the only amount Mr. Foozailov has retained is either $3,500 in funds or a $26,600 ring, neither of which is over $75,000.

In light of these considerations, Plaintiffs are entitled either to contract damages of around $27,000 or to fraud damages of $50,000. Obviously, neither of these figures exceed $75,000. Thus, the court does not have diversity jurisdiction in this case.

## ORDER

For the reasons discussed above, this action is DISMISSED.

SO ORDERED this 14th day of October, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge